**Lawrence McCLELLAN, Appellant,**

v.

**CENTRAL CITY, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1964.

Paul R. Huddleston, Huddleston & Huddleston, Bowling Green, for appellant.

B. R. Paxton, W. D. Bratcher, Dan Cornette, Jarvis & Cornette, Greenville, for appellee.

WILLIAMS, Judge.

Central City, a fourth class city, proposed to annex 197 acres contiguous to its southeast boundary. A majority of the resident voters remonstrated. The circuit court upheld the annexation. The only issue on appeal is whether material injury would result to landowners within the limits of the proposed extension. KRS 81.220; Buchanan v. City of Dayton, Ky., 363 S.W.2d 92 (1962); City of Greenville v. Gossett, Ky., 355 S.W.2d 311 (1962); Mitchell v. Central City, Ky., 354 S.W.2d 281 (1962).

This proceeding is a sequel to Mitchell v. Central City, supra, wherein this Court held an annexation of 53 acres by Central City did not cause material injury to the landowners within the area. The burdens allegedly suffered by the remonstrants in this action are similar to those in the Mitchell case. The benefits which the city claims will be conferred on the territory are the same.

At the time this ex parte proceeding was instituted, Central City was comprised of 813 acres and the population in 1960 was 3,694. At present, the city contains 1080 acres resulting from 213 acres voluntarily annexed and the 53 acres annexed in the Mitchell case. Within the 197 acres now in controversy, there are 88 residences and businesses. Although the area includes some old inexpensive houses, many houses have been built during the last five years, some of them exceeding $20,000 in value. Some of the most desirable and expensive land for residential building is included in the area. Four subdivisions were being developed at the time of the suit. Little, if any, farm land was included in the area; the majority of the owners occupy land of an urban character. A cemetery of 30 acres is included in the proposed area of extension.

In 1960, the assessed valuation of taxable property in Central City was about $3,400,000. The city tax rate was 75 cents. The school tax of $1.60 included 10 cents to retire bonds. The city water company's bonded indebtedness of $17,550 was to be paid in 1961; the cash surplus of the company was $22,450. The city audit for the period ending June 30, 1960, indicated no fixed liabilities (excluding school and utilities revenue bonds) in the form of general obligation bonds. Street maintenance was financed by a car license tax and by a rebate from Kentucky Utilities Company based on the electricity used within the city.

Central City has four full time policemen, two full time firemen and fifteen volunteer firemen. It has a patrol car, rescue vehicle, and two fire trucks, all with two-way radio facilities. The fire insurance rates are substantially lower in Central City than in the 197-acre area of the proposed extension. The city plans to provide street lights, garbage collection, street maintenance, and planning and zoning protection to the residents of this area. A new sanitary sewerage system is planned for the city. The city parks, library and swimming pool will be available to these residents.

The remonstrants principally object to municipal taxation and regulation. They prefer the status quo. They complain of poor sewage disposal and inadequate fire protection by the city within its existing area. County police protection is said to be adequate. They seem to prefer being without street lights and planning and zoning. They fear street maintenance by the city will be worse than state and county maintenance. They feel the addition of this territory to that annexed in the Mitchell case will so overextend the city that no benefits will be realized. Thus, they reason, the annexation will only burden the residents with more taxes, without any corresponding benefits.

The applicable rules of law are well stated in the Buchanan, Mitchell and Gossett cases, supra. Under KRS 81.220, the burdens on landowners in an area to be annexed must be weighed against the benefits, and there "must be a substantial excess of burdens over benefits in order to defeat annexation." City of Greenville v. Gossett, supra. Municipal taxation and regulation do not constitute material injury under KRS 81.220, but are burdens to be considered in relation to benefits. Although the appellant contends the city has the burden of proving that annexation will not materially injure the landowners of an area to be annexed, this Court has held that a showing of substantial benefits amounts to a negation of material injury which shifts to the remonstrants the burden of proving a "clear

and obvious imposition of manifest and substantial burdens." Buchanan v. City of Dayton, supra.

The services offered by the city should and will substantially benefit the inhabitants. There is no clear and obvious showing that the burdens substantially exceed the benefits to the landowners.

The judgment is affirmed.